IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR378 |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| MARCO A. COVARRUBIAS, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the Court on the motion to suppress filed by the defendant Marco A. Covarrubias (Covarrubias) (Filing No. 25). The defendant is charged in an Indictment along with co-defendant Maximilian Dominguez. Covarrubias is charged in Count IV with the possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Covarrubias is also charged in Count V with the use and carrying of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). Count VI alleges a criminal forfeiture charge regarding $8,300.00 seized from Covarrubias on September 26, 2005, pursuant to 21 U.S.C. § 853. Covarrubias seeks to suppress all evidence obtained from the search of a residence at 5021 South 39th Street, Omaha, Nebraska, on September 26, 2005, pursuant to a search warrant issued by a judge of the County Court of Douglas County, Nebraska.

  An evidentiary hearing on the motion was held on December 29, 2005. Covarrubias was represented by James J. Regan and the United States was represented by Assistant U.S. Attorney Nancy A. Svoboda. Chandler Thompson, a certified interpreter in the Spanish language, was available as an interpreter by remote telephone hook-up; however Covarrubias stated he understood the English language and waived the presence of the interpreter (TR. 2). The court heard the testimony of Officer Mark Lang (Officer Lang) of the Omaha Police Department. The court also received into evidence the following exhibits: a Search Warrant (Exhibit 1) and an Affidavit and Application for Issuance of a Search Warrant (Exhibit 2). A transcript (TR.) of the hearing was filed on January 10, 2006 (Filing No. 33). There was no post-hearing briefing.

## FINDINGS OF FACT

On September 26, 2005, Officer Mark Lang of the Omaha Police Department submitted a sworn affidavit to a Douglas County Court Judge seeking a search warrant for the premises at 5021 South 39th Street, Omaha, Nebraska (TR. 9; Exhibit 2). In that affidavit, Officer Lang recounted that a confidential informant, or cooperating witness, had purchased a quarter of a pound of methamphetamine from Maximilian Dominguez at Dominguez's residence at 3108 Marcy Street in Omaha, Nebraska. This methamphetamine was tested by the Eastern Nebraska Forensic Laboratory and tested positive for methamphetamine.

On August 30, 2005, the cooperating witness made a second purchase of methamphetamine from Dominguez. However, on this occasion the cooperating witness and Dominguez drove to 5021 South 39th Street where the cooperating witness gave Dominguez the buy money. Dominguez stated the residence was that of his supplier and Dominguez went into the residence at 5021 South 39th Street alone. Dominguez returned to the car, whereupon the cooperating witness and Dominguez drove to a parking lot near 33rd and L Streets where they waited for a Hispanic male to arrive. Shortly thereafter, the Hispanic male arrived and delivered a quarter of a pound of methamphetamine to the cooperating witness and Dominguez. The methamphetamine was later tested by the lab to be positive for methamphetamine.

On September 26, 2005, Officer Lang used the cooperating witness to make another purchase of methamphetamine from Dominguez. During this transaction, the cooperating witness and Dominguez again drove to 5021 South 39th Street where Dominguez went inside and later returned with methamphetamine which was provided to the cooperating witness. Thereupon, Dominguez was arrested and interviewed after being read his *Miranda* rights. Dominguez told the officers that his supplier was a person named "Marcos" and that Marcos lived at 5021 South 39th Street where he had obtained previous amounts of methamphetamine. Officer Lang further stated the cooperating witness had supplied information in another case leading to a search warrant and seizure of narcotics.

The search warrant was authorized by the Douglas County Court Judge and was executed on September 26, 2005 (Exhibit 1). Officer Lang testified he relied in good faith

on the validity of the search warrant when he assisted in the execution of the warrant (TR. 10).

## LEGAL ANALYSIS

An affidavit for a search warrant must contain probable cause of four ingredients: time, crime, objects, and place. 2 Wayne R. LaFave, **Search and Seizure**, § 3.7(d) at 372 (3d ed. 1996). As the Supreme Court stated in **Illinois v. Gates**, 462 U.S. 213, 238 (1983): "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." **Id.** Thus, when viewing a search warrant, the court must look at the totality of the circumstances set forth in the affidavit. **See id.**; **United States v. Etheridge**, 165 F.3d 655, 656 (8th Cir. 1999). "The duty of the judge issuing a search warrant is to make a 'practical, common-sense decision' whether, considering all the circumstances, a reasonable person could have reason to suspect that evidence would be discovered. . . . Probable cause is a fair probability that contraband evidence of a crime will be found in the location to be searched." **United States v. LaMorie**, 100 F.3d 547, 552 (8th Cir. 1996). **See Gates**, 462 U.S. at 238.

The statements of a reliable confidential informant are themselves sufficient to support probable cause. **United States v. Wright**, 145 F.3d 972, 975 (8th Cir. 1998). The Eighth Circuit has stated:

> [T]he core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable. Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence.

**United States v. Williams**, 10 F.3d 590, 593 (8th Cir. 1993) (**citing Draper v. United States**, 358 U.S. 307, 313 (1959)); **see Walden v. Carmack**, 156 F.3d 861, 870 (8th Cir. 1998). "It is well established that a statement in an affidavit that an informant has provided

reliable information in the past is sufficient to establish the reliability or credibility of the informant." **United States v. Sumpter**, 669 F.2d 1215, 1220 (8th Cir. 1982) (**citing United States v. Schmidt**, 662 F.2d 498, 502 (8th Cir. 1981)). However, "[a] warrant affidavit [need not contain] an averment of previous reliability, the appropriate inquiry always being whether the informant's present information is truthful and reliable." **United States v. Scalia**, 993 F.2d 984, 987 (1st Cir. 1993) (**citing United States v. Cochrane**, 896 F.2d 635, 641 (1st Cir.), **cert. denied**, 496 U.S. 929 (1990)).

  In this case, the affidavit did contain such an averment. Furthermore, information provided by a confidential informant is sufficiently reliable to support probable cause if independently corroborated. **See United States v. Fulgham**, 143 F.3d 399, 401 (8th Cir. 1998). The information from the cooperating witness was corroborated by the surveillance of the officers, the production of the methamphetamine which was tested by the laboratory, and the post-arrest admissions of a participant in the narcotics transactions. The affidavit for the search warrant was not deficient and contained adequate probable cause for the issuance of the warrant.

  Even assuming *arguendo*, that probable cause was lacking in sufficiency, the **Leon** good faith exception would allow the admissibility of the evidence seized. **See United States v. Leon**, 468 U.S. 897 (1984). In **Leon**, the Supreme Court held that "evidence obtained pursuant to a search warrant should not be excluded where the officers executed the warrant 'with an objectively reasonable reliance on the magistrate's determination of probable cause.'" **United States v. LaMorie**, 100 F.3d 547, 555 (8th Cir. 1996). There are four exceptions to this good faith rule:

> (1) where the issuing judicial officer was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing officer "wholly abandoned his judicial role;" (3) where the affidavit supporting the warrant contained so few indicia of probable cause "as to render official belief in its existence entirely unreasonable;" and (4) where the warrant itself is so facially deficient that no executing officer could reasonably presume it to be valid.

***Id.*** (internal citations omitted). In this case, none of the four exceptions are present.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that** Marco A. Covarrubias's motion to suppress (Filing No. 25) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 13th day of February, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge